# IN THE COURT OF APPEALS OF IOWA

No. 21-0230
Filed September 22, 2021

**IN THE INTEREST OF L.J.,**
**Minor Child,**

**B.S., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Fayette County, Linnea M.N. Nicol, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

David G. Baumgartner, Strawberry Point, for appellant mother.

Thomas J. Miller, Attorney General, and Toby J. Gordon, Assistant Attorney General, for appellee State.

Kimberly Lange of the Juvenile Public Defender's Office, Waterloo, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., Ahlers, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**GAMBLE, Senior Judge.**

A mother appeals the termination of her parental rights to her child, L.J. On appeal, she argues the State failed to establish a statutory ground authorizing termination, termination is not in L.J.'s best interest, and she should be given additional time to work toward reunification. We affirm.

We review termination proceedings de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We must determine: (1) whether grounds for termination have been established, (2) whether termination is in the child's best interests, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020). Then we address any additional claims raised by the parents. *In re K.M.*, No. 19-1637, 2020 WL 110408, at *1 (Iowa Ct. App. Jan. 9, 2020).

The juvenile court found a statutory ground authorizing termination satisfied under Iowa Code section 232.116(1)(f) (2020). Paragraph (f) authorizes termination when:

> (1) The child is four years of age or older.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(f). The mother limits her challenge to the fourth element, whether L.J. can be returned to her care. The fourth element is satisfied when the State establishes the child cannot be safely returned to the parent at the time of the termination hearing. *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020).

Our de novo review of the record makes it clear L.J. cannot be safely returned to the mother. The mother has a history of methamphetamine use. And she tested positive for methamphetamine as recently as the month of the termination hearing via a sweat patch test, and it appeared to the test administer that the patch had been tampered with by being removed and reapplied. We assume the mother did this in an attempt to avoid detection of her recent methamphetamine use. The mother did not obtain an up-to-date substance-abuse evaluation. And she has not attended any mental-health or substance-abuse treatment since fall 2020. So we believe the mother's methamphetamine use is ongoing. "A parent's methamphetamine use, in itself, creates a dangerous environment for children." *J.P.*, 2020 WL 110425, at *2. Therefore, we conclude L.J. could not be safely returned to the mother's care. The first step in our process is satisfied, and we move to the next.

Our next step centers on L.J.'s best interest. *See* Iowa Code § 232.116(2). We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

We recognize the mother's parenting skills and the bond she has with L.J. However, L.J.'s current placement is willing to adopt him. *See* Iowa Code § 232.116(2)(b). Adoption would provide L.J. with the permanency he needs and deserves. And termination is a necessary preliminary step to adoption. Therefore, we conclude termination is in L.J.'s best interest. The second step in our process is complete.

The mother does not ask us to apply a permissive exception in section 232.116(3) to preclude termination. So we do not consider these exceptions and instead move to the mother's final request.

The mother requests additional time to work toward reunification. The court may defer termination for a period of six months if it is able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six month period." *Id.* § 232.104(2)(b).

The mother claims she is on an upward trajectory, essentially the precipice of reunification, so she should get a little more time.  But our review of the record paints a different picture.  We see a parent who has not meaningfully addressed her substance-abuse and mental-health issues.  For example, the mother has not obtained an up-to-date substance-abuse evaluation even though she has had ample time to do so.  She has not attended therapy.  And she is still using.  So we do not believe the mother would take the specific steps necessary to move her toward reunification in the next six months.  In other words, we cannot "enumerate the specific factors, conditions, or expected behavioral changes" we believe would obviate the need for removal within the next six months.  *Id.*  Therefore, like the juvenile court, we do not grant her additional time to work toward reunification.

**AFFIRMED.**